IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CT-3175-D

| | | |
|---|---|---|
| JESSIE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF PUBLIC SAFETY, | ) | |
| | ) | |
| Defendant. | ) | |

On September 26, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 13] and recommended dismissing Jessie Clark's ("Clark") 42 U.S.C. § 1983 complaint based on lack of jurisdiction. Although Clark responded [D.E. 14], Clark did not substantively address the M & R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). The court has reviewed the M&R and the record. The court is satisfied that there is no clear error on the face of the record. Accordingly, the court adopts the conclusions in the M&R [D.E. 13].

Rather than addressing the M & R, Clark's response is essentially a motion requesting waiver

of the filing fee. See [D.E. 14]. The Prisoner Litigation Reform Act ("PLRA") provides that "prisoner[s] shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b); see Bruce v. Samuels, 136 S. Ct. 627, 632 (2016); Torres v. O'Quinn, 612 F.3d 237, 241 (4th Cir. 2010) ("Congress [has] required that indigent prisoners filing lawsuits be held responsible for the full amount of filing fees."), abrogated on other grounds by Bruce, 136 S. Ct. at 630–31. Thus, the PLRA permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner to pay the full amount of the filing fee as funds are available. See, e.g., McDaniels v. Wright, No. 1:14-CV-03728-TLW, 2015 WL 10710269, at *2 (D.S.C. Jan. 12, 2015) (unpublished). Accordingly, the court denies Clark's motion for a waiver of the filing fee.

In sum, the court ADOPTS the conclusions in the M&R [D.E. 13], and DISMISSES Clark's complaint. The court DENIES Clark's motion for a waiver of the filing fee [D.E. 14]. The clerk shall close the case.

SO ORDERED. This 2 day of January 2019.

JAMES C. DEVER III
United States District Judge